# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH NEAL RADFORD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV416-144 |
| ) | CR408-082 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Four months ago this Court denied Kenneth Radford's first 28 U.S.C. § 2255 motion. *See, e.g.*, CR408-082, doc. 44, *adopted*, doc., 46. Now he's back with a second such motion, doc. 50, once again trying to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), that triggered a wave of successive § 2255 filings after the Supreme Court recently announced that it applied retroactively on collateral review.[1] *See, e.g.*, *In re Fleur*, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), *In re Hines*, ___ F.3d ___, 2016 WL 3189822 (11th Cir. June 8, 2016), and *In re Ricardo Pinder, Jr.*, ___ F.3d ___, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016).

---

[1] *See Welch v. United States*, ___U.S.___, 136 S. Ct. 1257 (2016).

Some of those successive-writ movants have succeeded in knocking on the appellate court's door.² *See, e.g.*, *In re Hubbard*, ___ F.3d ___, 2016 WL 3181417 at *7 (June 8, 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

Radford too must knock on the Eleventh Circuit's door. *See, e.g.*, *In re Robinson*, ___ F.3d ___, 2016 WL 1583616 (11th Cir. Apr. 19, 2016). But given the time constraints illuminated by the concurrence in that case, *id.* at * 2 ("As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on *Johnson*."), the Clerk should be **DIRECTED** to simply transfer his § 2255 motion directly to that court.

---

² "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A)

**SO REPORTED AND RECOMMENDED,** this <u>14th</u> day of June, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA