# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KENNETH NEAL RADFORD, )
)
    Movant, )
)
v. ) Case No. CV416-144
)          CR408-082
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner Kenneth Radford, proceeding *pro se*, moves for a second time under 28 U.S.C. § 2255 to vacate the Armed Career Criminal Act (ACCA) enhancement applied to his 2009 sentence for possession of a firearm by a convicted felon. In his prior § 2255 motion, the Court made clear that

> Radford's *Johnson*[1] claim, and thus his current motion, has little chance of success. *Johnson* found that the residual clause alone violated due process; other provisions of the ACCA survive and continue to apply. 135 S. Ct. at 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act

---

[1] *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA unconstitutionally vague and the imposition of an increased sentence under that provision violates due process).

> violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Even discounting Radford's possession of a sawed-off shotgun conviction (*see* Radford's Presentence Investigation Report (PSI) ¶ 22), he remains convicted of at least three violent felonies as the ACCA continues to define that term post-*Johnson*. *See* PSI ¶ 22 (listing convictions for three separate instances of burglary, criminal attempt to commit child molestation, and aggravated assault). His burglary convictions alone, in fact, trigger an ACCA enhancement. *See* 18 U.S.C. §§ 924(e)(1) & (2)(B). Hence, *Johnson* has no impact on the validity of his sentence.

*See* doc. 44 (footnote added), *adopted*, doc. 46.

Radford then sought and received an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider a second or successive motion to vacate, set aide, or correct his federal sentence under § 2255. *See* Doc. 50-1 (finding movant's application met the threshold criteria for the filing of a second § 2255 motion). He was given permission to raise a single claim in his successive motion, "specifically that the district court improperly enhanced his sentence under the [ACCA]." *Id.* Because the Court of Appeals did not have a complete record, the Circuit panel emphasized it "was unable to determine which of his prior felonies the sentencing court considered to be ACCA predicate offenses and whether it relied upon the residual

clause in reaching its determination" and noted "Radford has other felonies that may qualify as predicate offenses under another provision of the ACCA." *Id.* (citing *Johnson*, 576 U.S. \_\_, 135 S. Ct. at 2563).

Movant thus returned to this Court with a new § 2255 motion, screened here under § 2255 Rule 4. Doc. 50. As he did with his last § 2255 motion, Radford seeks to exploit the new rule announced in *Johnson*, 576 U.S. \_\_, 135 S. Ct. 2551, and made retroactive by *Welch v. United States*, 578 U.S. \_\_, 136 S. Ct. 1257 (2016), to neutralize the 188-month enhanced sentence he received for possession of a firearm and ammunition as a career felon. Doc. 51 (supporting brief) at 1-3; *see also* doc. 41 (his prior § 2255 motion).

Radford again contends that his "possession of a sawed-off shotgun is not a crime of violence" and that his felony convictions for burglaries similarly fall under the residual clause of the ACCA and could not have formed the basis of an ACCA enhancement. Docs. 50 & 51. He is incorrect. *See* doc. 1 at ¶¶a-c (grand jury indictment listing three separate felony burglary offenses); *Johnson*, 576 U.S. at \_\_, 135 S. Ct. at 2563 (limiting the holding to the residual clause and upholding the constitutionality of application of the ACCA "to the four enumerated

3

offenses" of felony "burglary, arson, or extortion" or any felony crime that "involves the use of explosives").

The Court reiterates its prior ruling on the merits in advising that Radford's § 2255 motion should be **DENIED** on the merits. *See* doc. 44 at 3-4 (movant's three burglary convictions are still "violent felonies" within the meaning of the ACCA, 18 U.S.C. § 924(e)(2)(B), and on their own trigger a constitutionally valid ACCA enhancement).

The Court further recommends that this motion be **DENIED** for lack of jurisdiction. *See* 18 U.S.C. § 2255(h)(2) (requiring movant to present a claim that was, *inter alia*, "previously unavailable"). This Court has no authority to reach movant's latest § 2255 motion -- notwithstanding the Circuit panel's authorization -- because he merely re-presents a claim that he cannot show was "previously unavailable" to him within the meaning of § 2255(h)(2).[2]

---

[2] *See In re Moore*, __ F.3d __, 2016 WL 4010433, at *3 (11th Cir. July 27, 2016) (because a successiveness grant is a "limited determination," district courts must decide anew whether a § 2255 movant has satisfied the statutory successiveness requirements); *In re Jones*, __ F.3d __, 2016 WL 4011143 at *1 (11th Cir. July 27, 2016) ( "a prisoner may not file 'what amounts to a motion for reconsideration under the guise of a separate and purportedly "new" application' when the new application raises the same claim that was raised and rejected in the prior application").

4

**SO REPORTED AND RECOMMENDED**, this  14th  day of September, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA